# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-0688V
### Filed: October 16, 2019
UNPUBLISHED

ELIZABETH TREGILLUS,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA)

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Corcoran**, Chief Special Master:

On May 15, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on October 26, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 28, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On October 16, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating that petitioner should be awarded $61,154.32 (comprised of $59,500.00 for pain and suffering and $1,654.32 for past unreimbursable medical expenses). Proffer at 1-2. In the Proffer, respondent

---

[1] I intend to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $61,154.32 (comprised of $59,500.00 for pain and suffering and $1,654.32 for past unreimbursable medical expenses) in the form of a check payable to petitioner, Elizabeth Tregillus.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

ELIZABETH TREGILLUS,

                    Petitioner,

      v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 18-688V
Chief Special Master Corcoran (SPU)
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**    **Compensation for Vaccine Injury-Related Items**

On June 28, 2019, respondent filed a Rule 4(c) Report conceding that petitioner is entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA") injury. The same day, June 28, 2019, a Ruling on Entitlement, adopting respondent's recommendation, was issued.

Based upon the evidence of record, respondent proffers that petitioner[1] should be awarded $61,154.32. This is comprised of pain and suffering ($59,500.00) and past unreimbursable medical expenses ($1,654.32), and represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[2] Petitioner agrees.

---

[1] Petitioner is a competent adult, therefore evidence of guardianship is not required in this case.

[2] Should Petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

## II.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made

through:

> a lump sum of **$61,154.32** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/ Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-3677

Dated: October 16, 2019